## Tabibian et al. v. Yardumian et al., Trustees.

*Practice, equity—Right of third claimant to intervene in suit between two other claimants of fund—Equity Rule No. 25.*

1. Where there is a fund before the court claimed by rival claimants, common sense and due regard for a prompt determination of legal controversies demand that other claimants to the fund shall be made parties.

2. Equity Rule No. 25, providing that a petition for intervention shall be in subordination to, and in recognition of, the propriety of the suit, means no more than that the intervening petition must be consistent with the pending suit.

3. Where seceders from a church congregation file a bill in equity against the original congregation to have a trust declared for their own benefit in the fund produced by the sale of church property, a third congregation, which had also seceded from the defendant congregation and claims an interest in the fund as the only one of the three congregations which still worships according to the doctrines of the founders of the defendant congregation, will be permitted to intervene.

Petition to intervene. C. P. No. 1, Phila. Co., June T., 1924, No. 14902, in Equity.

*C. F. Eggleston*, for plaintiffs; *F. S. Edmonds*, for defendants.

*J. L. Wase*, for intervenors.

TAULANE, J., July 15, 1925.—This is a petition to intervene in a proceeding in equity. The facts as disclosed by the pleadings are as follows:

An Armenian Evangelical or Protestant Church, known as the Armenian Evangelical Church of the Armenian Martyrs, was established in Philadelphia about twenty-five years ago. The church was unincorporated, and in 1918, through donations and gifts of its members, a lot on the north side of Chestnut Street, east of Cobb's Creek, was purchased as a site for a church. Instead of taking title in the name of trustees for the church, the title was put in the name of Haig Y. Yardumian (the minister of the church) and Garabed M. Mukhalian as individuals.

A dispute arose between Haig Y. Yardumian (the minister) and a large number of the congregation over the policy of Yardumian in admitting to the church members of the Orthodox Armenian or Gregorian Church whose beliefs and practices were Catholic and not Evangelical or Protestant.

In consequence of this controversy, a majority of the congregation, prior to May, 1924, seceded from the church and established a place of worship at No. 5949 Spruce Street, where they worship according to the doctrines of the Armenian Evangelical Church. The congregation of the new church has been incorporated under the name of the Armenian Evangelical Church of the Armenian Martyrs. The members who did not secede still worship in the old church at No. 265 South Sixtieth Street, and their church is now known as the Evangelical Church of Armenia, Church of the Martyrs of Armenia.

In May, 1924, the lot of ground purchased in 1918 was sold by Haig Y. Yardumian and Garabed M. Mukhalian, and the proceeds of sale have been deposited with The Land Title and Trust Company, pending the determination of their ownership.

The proceeds of sale are claimed by the members who seceded in 1924, because they allege they constituted a majority of the congregation and worship according to the true doctrines of the Armenian Evangelical Church, while the members of the old church who did not secede admit members of the Armenian Orthodox or Gregorian Church whose beliefs are Catholic and not Evangelical or Protestant.

The seceding members have filed a bill in equity against the trustees of the old church and The Land Title and Trust Company for a decree declaring that they are entitled to the proceeds of sale.

A petition to intervene has been filed on behalf of certain other members of the old church, alleging that they seceded in 1919 for substantially the same reasons which caused the plaintiffs to secede in 1924; that the petitioners then established the Armenian Congregational Church of Philadelphia, where they worship according to the doctrines of the Armenian Evangelical Church; that the plaintiffs became members of the old church after the petitioners seceded; and that the petitioners are entitled to the proceeds of sale.

Both the plaintiffs and the defendants object to the petitioners intervening as parties.

It is admitted that Haig Y. Yardumian and Garabed M. Mukhalian had no personal interest in the lot, but held the same as trustees, as they do the proceeds of sale.

The proceeds of sale are claimed by three sets of claimants, viz.: *(a)* Evangelical Church of Armenia, Church of the Martyrs of Armenia (the old church and defendants); *(b)* Armenian Evangelical Church of the Armenian Martyrs (plaintiffs); *(c)* Armenian Congregational Church of Philadelphia (intervening petitioners).

It is not necessary for us at this time to determine the rights of the several claimants to the proceeds of sale; it is sufficient if each party shows a colorable right to the proceeds, and this the pleadings show.

While we have no statute in Pennsylvania permitting a person claiming an interest in property, which is the subject of litigation in equity, to intervene as a party, it has been long settled that our courts have jurisdiction to permit such intervention: Grant Township Water Co. *v.* Pennypacker et al., 6 Dauphin Co. Reps. 89; Landau *v.* Schrager, 21 Lacka. Jurist, 64; Roberts *v.* Brunner, 23 Dist. R. 409; and Dempster *v.* Baxmyer, 231 Pa. 28.

The Equity Rules of 1924 confirm this practice. Rule 25 provides: "By leave of court, any person or persons claiming an interest in a pending suit may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit."

No one would question the petitioners' right to intervene if they either claimed a part of the proceeds of sale or asserted a lien or charge thereon: Roberts v. Brunner, 23 Dist. R. 409, and Brinckerhoff v. Holland Trust Co., 146 Fed. Repr. 203.

Are the petitioners deprived of the right to intervene because their success might result in completely defeating the plaintiffs' right?

The plaintiffs' contention is that intervention is never permitted where the rights of the intervening party are adverse to the plaintiffs and result in a contest between the plaintiffs and the intervening petitioner as to the ownership of the property in litigation.

There is some justification for the plaintiffs' contention in the law of other states. Thus, in 21 Corpus Juris, 343, it is said: "The courts have always striven to maintain the integrity of the issues raised by the original pleadings and to keep newly-admitted parties within the scope of the original suit. A stranger cannot intervene for the purpose of litigating with plaintiff his right or title to any relief, nor for the purpose of defeating the entire suit. The injection of an independent controversy by intervention is improper."

These principles seem to be supported by Ehrenstrom v. Phillips, 9 Del. Chancery Reps. 74; Crystal Springs Bank v. New Orleans Cattle Loan Co., 95 So. Repr. (Miss.) 520; Renfro v. Goetter, 78 Alabama, 311; and Hopkins v. Lancaster, 254 Fed. Repr. 190. See, also, 123 Am. State Reps. 280; 20 Ruling Case Law, 682, and 2 Foster's Federal Practice (6th ed.), 1283.

We do not agree either with the reasoning or the conclusion of the cases cited. Their reasoning is technical and artificial, and their conclusion obstructive rather than promotive of the speedy trial of causes. In substance, they hold that a person cannot intervene as a party plaintiff unless his rights are consistent and in harmony with the rights of the plaintiff in the action, and neither can a person intervene as a party defendant unless his rights are substantially the same as those of the defendant in the cause; he cannot contest the defendant's rights, but must act with the defendant to defeat the plaintiff's claim. Tested by these rules, the petition for intervention in this case must be refused because the petitioners claim the proceeds of sale to the exclusion of the plaintiffs and the defendants.

The subject of litigation is the proceeds of sale, and the issue is to whom do they belong? To refuse the petitioners leave to intervene would oblige the petitioners to institute proceedings against the plaintiffs and the defendants, and without intervention a decree in this case would not determine finally to whom the proceeds of sale belonged. It would be useless to try this case with knowledge that there is another claimant, and whatever decree we may enter might be nullified by the decree in the separate proceeding instituted by the petitioners.

Where there is a fund before the court claimed by rival claimants, common sense and due regard for the prompt determination of legal controversies demand that all claimants should be made parties.

We are clearly of the opinion that the petition for intervention should be granted; in fact, Equity Rule No. 25 obliges us to grant the petition. The equity rule provides that a petition for intervention "shall be in subordination to, and in recognition of, the propriety of such suit." The petition in this case complies with these requirements. The rule means no more than that the intervening petition must be consistent with the pending suit, and cannot deny or question that the fund in litigation is held in trust for those members of the congregation of the old church who still worship according to the doctrines of the Evangelical Church. A petitioner, for instance, cannot deny the

jurisdiction of the court (Horn v. Pere Marquette R. R. Co., 151 Fed. Repr. 626, 634), or in proceedings to establish a resulting trust in certain property in favor of a corporation ask to intervene for the purpose of contesting the resulting trust and claiming the same property for other persons (Hill v. Wilson, 210 Fed. Repr. 200), or in proceedings to foreclose a mortgage ask to intervene for the purpose of contesting the validity of the mortgage: First Trust Co. v. Illinois Central R. R. Co., 252 Fed. Repr. 965.

In this case it would be impossible to determine the ownership of the fund without having the several factions of the congregation before the court in one proceeding.

In Grant Township Water Co. v. Pennypacker, 6 Dauphin Co. Reps. 89, 92, Jacobs, J., says in reference to intervention: "When a decision is made, it shall provides for all the rights which different persons have in the matters decided and make the performance of the decree safe, thus preventing a multiplicity of suits."

Equity, as is often said, abhors a multiplicity of suits.

The only possible objection to intervention in this case is the multiplication of issues to be decided in one cause and the confusion alleged to result therefrom. This is more seeming than real. Complicated issues of facts are daily tried by juries, and complicated equities are easily adjusted by the courts.

The right to intervene in this case is sanctioned by the general principles of equity practice as well as by the Equity Rules of 1924.

And now, to wit, July 15, 1925, the petition to intervene is granted.